IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## STATE OF TENNESSEE v. RAYMOND DESHUN ROSS

**Appeal from the Circuit Court for Henderson County**
**No. 05-082-1     Roy B. Morgan, Jr., Judge**

_____

### No. W2016-01220-CCA-R3-CD

_____

The defendant, Raymond Deshun Ross, appeals the dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2005 Henderson County Circuit Court jury convictions of aggravated assault, carjacking, felony theft, and misdemeanor reckless endangerment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Michael Thorne, Lexington, Tennessee, for the appellant, Raymond Deshun Ross.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In October 2005, the Henderson County Grand Jury charged the defendant with aggravated assault, carjacking, felony theft, and attempted second degree murder. A Henderson County Circuit Court jury convicted the defendant as charged of the first three offenses and convicted him of the lesser included offense of reckless endangerment. *State v. Raymond Deshun Ross*, No. W2006-01167-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App, Jackson, Nov. 2, 2007). Following a sentencing hearing, the trial court sentenced the defendant as a Range II offender and imposed an effective sentence of 30 years' incarceration. *Id.*, slip op. at 10. This court remanded the case to the trial court with instructions to merge the convictions of reckless endangerment and aggravated assault and to resentence the defendant as a Range I offender. *Id.*, slip op. at 1. On

remand, the trial court properly effectuated the merger and resentenced the defendant to an effective sentence of 18 years' incarceration.

On June 30, 2009, the defendant filed a timely petition for post-conviction relief, alleging that his trial counsel had performed deficiently by, *inter alia*, "failing to raise and preserve a claim pursuant to" *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), and their progeny and "by permitting the trial court to sentence [him] pursuant to the 2005 amendments to the Sentencing Act without [his] executing a waiver of his ex post facto protections." *Raymond Ross v. State*, No. W2010-00875-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Jackson, Sept. 29, 2010). The post-conviction court denied the petition, and the defendant filed an untimely notice of appeal, based solely on the argument that the imposition of consecutive sentencing violated the tenets of *Blakely*. *Id.*, slip op. at 3. This court dismissed the appeal, finding that "the interests of justice [did] not excuse the untimely filing of the notice of appeal" because the defendant had waived the *Blakely* issue by failing to raise it on direct appeal and because "the claim itself is without merit." *Id.*, slip op. at 3, 4.

On January 14, 2016, the defendant, acting pro se, moved the trial court pursuant to Rule 36.1 to correct his sentence, again arguing that he had been illegally sentenced under the amended 2005 Sentencing Act without a waiver of his ex post facto protections and that his sentence had been improperly enhanced in violation of *Blakely*. Following the appointment of counsel, the trial court conducted a hearing on the motion, at which hearing the parties presented no proof or testimony but merely presented argument to the court. On March 29, 2016, the trial court dismissed the defendant's motion for failing to state a colorable claim. The defendant again filed an untimely notice of appeal, but this court waived the timely-filing requirement in the interest of justice.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief, arguing that his sentence was illegally enhanced under *Blakely* and that he had never waived his ex post facto protections. In the alternative, the defendant requests that this court review his sentence for plain error.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that

the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

In the instant case, even if the defendant's claim of improper sentencing enhancement under *Blakely* were true, it would not render the sentence illegal or the judgment void. "[A] *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment." *State v. Rafael Antonio Bush*, No. M2014-01193-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Dec. 18, 2014), *perm. app. denied* (Tenn. Mar. 12, 2015). Moreover, as previously discussed, this court addressed the defendant's *Blakely* issues in his post-conviction appeal, and Rule 36.1 may not be used to relitigate those issues which have been previously determined.

With respect to the defendant's claim of an ex post facto violation, this court has held that sentencing a petitioner under the 2005 amendments to the Sentencing Act without executing a waiver of the petitioner's ex post facto protections would merely render the sentence voidable rather than void, a point made by this court tangentially in dismissing the defendant's appeal of the denial of post-conviction relief. *Raymond Ross*, slip op. at 2, n.1; *see also Michael V. Morris v. James Fortner, Warden*, No. M2008-01022-CCA-R3-HC (Tenn. Crim. App., Nashville, Feb. 26, 2009); *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC (Tenn. Crim. App., Nashville, June 30, 2005); *Luther E. Fowler v. Howard Carlton, Warden*, No. E2004-01346-CCA-R3-HC (Tenn. Crim. App., Knoxville, Mar. 21, 2005).

Finally, because the defendant fails to meet the criteria required for plain error review, we need not further consider his invitation for such review.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE